IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| ORBSAK, L.L.C.,<br>an Illinois Limited Liability Company,<br><br>Plaintiff, | ) | |
| v. | ) | No. 205-CV-519 |
| THE DIRECTV GROUP, INC.,<br>a Delaware Corporation, | ) | JURY DEMAND REQUESTED |
| DIRECTV, INC.,<br>a California Corporation, | ) | |
| ECHOSTAR COMMUNICATIONS CORPORATION,<br>a Nevada Corporation, | ) | |
| ECHOSTAR SATELLITE, L.L.C.<br>a Colorado Corporation | ) | |
| HITACHI AMERICA, LTD,<br>a New York Corporation, | ) | |
| JVC AMERICAS CORPORATION,<br>a Delaware Corporation, | ) | |
| JVC COMPANY OF AMERICA,<br>a Delaware Corporation, | ) | |
| LG ELECTRONICS U.S.A., INC.,<br>a Delaware Corporation, | ) | |
| MITSUBISHI ELECTRIC & ELECTRONICS USA, INC.,<br>a Delaware Corporation, | ) | |
| MITSUBISHI DIGITAL ELECTRONICS AMERICA, INC.,<br>a Delaware Corporation, | ) | |

PACE MICRO TECHNOLOGY, PLC, )
a United Kingdom Corporation, )
)
PANASONIC CORPORATION OF )
NORTH AMERICA, )
a Delaware Corporation, )
)
PIONEER ELECTRONICS (USA), INC., )
a Delaware Corporation, )
)
PIONEER NORTH AMERICA, INC., )
a Delaware Corporation, )
)
SONY CORPORATION OF AMERICA, )
a New York Corporation, )
)
SONY ELECTRONICS, INC., )
a Delaware Corporation, )
)
SHARP ELECTRONICS )
CORPORATION, )
a New York Corporation, )
)
THOMSON, INC., )
a Delaware Corporation, )
)
TOSHIBA AMERICA, INC., )
a Delaware Corporation, and )
)
TOSHIBA AMERICA CONSUMER )
PRODUCTS, L.L.C., )
a New Jersey Limited Liability Company, )
)
Defendants. )

**FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff, ORBSAK, L.L.C., by its attorneys, hereby complains against Defendants, THE DIRECTV GROUP, INC., DIRECTV, INC., ECHOSTAR COMMUNICATIONS CORPORATION, ECHOSTAR SATELLITE, L.L.C., HITACHI AMERICA, LTD, JVC AMERICAS CORPORATION, JVC COMPANY OF AMERICA, LG ELECTRONICS U.S.A., INC., MITSUBISHI ELECTRIC & ELECTRONICS USA, INC., MITSUBISHI DIGITAL ELECTRONICS AMERICA, INC., PACE MICRO TECHNOLOGY, PLC, PANASONIC CORPORATION OF NORTH AMERICA, PIONEER ELECTRONICS (USA), INC., PIONEER NORTH AMERICA, INC., SONY CORPORATION OF AMERICA, SONY ELECTRONICS, INC., SHARP ELECTRONICS CORPORATION, THOMSON, INC., TOSHIBA AMERICA, INC.,

and TOSHIBA AMERICA CONSUMER PRODUCTS, L.L.C., as follows:

**I.**

**The Parties**

1. Plaintiff, ORBSAK, L.L.C. ("ORBSAK"), is an Illinois Limited Liability Company qualified to do business in the State of Texas.

2. Defendant THE DIRECTV GROUP, INC. ("DTVG") is, on information and belief, incorporated under the laws of the State of Delaware, with its principal place of business at 2230 East Imperial Highway, El Segundo, California, 90245. Defendant DIRECTV, INC. ("DTV") is, on information and belief, incorporated under the laws of the State of California, with its principal business at 8085 South Chester Street, Suite 300, Englewood, Colorado, 80112. DTVG and DTV are hereinafter collectively referred to as DIRECTV. DIRECTV is doing business in this judicial district and is engaged in the business of broadcasting digital television programming by satellite and selling digital set-top box satellite receivers for receiving such programming, from which business DIRECTV generates substantial revenue.

3. Defendant ECHOSTAR COMMUNICATIONS CORPORATION ("ECC") is, on information and belief, incorporated under the laws of the State of Nevada, with its principal place of business at 9601 South Meridian Boulevard, Englewood, Colorado 80112. Defendant ECHOSTAR SATELLITE, L.L.C. ("ESL") is, on information and belief, incorporated under the laws of the State of Colorado, with its principal place of business at 9601 South Meridian Boulevard, Englewood, Colorado 80112. ECC and ESL are hereinafter collectively referred to as ECHOSTAR. ECHOSTAR is doing business in this judicial district and is engaged in the business of broadcasting digital television programming by satellite and selling digital set-top box satellite receivers for receiving such programming, from which business ECHOSTAR generates substantial revenue.

4. Defendant HITACHI AMERICA, LTD. ("HITACHI") is, on information and belief, incorporated under the laws of the State of New York, with its principal place of business at 2000 Sierra Point Parkway, Brisbane, California 94005, and is doing business in this judicial district and is engaged in the business of selling digital television receivers, from which business HITACHI generates substantial revenue.

5. Defendants, JVC AMERICAS CORPORATION, and JVC COMPANY OF AMERICA (collectively "JVC") are, on information and belief, incorporated under the laws of the State of Delaware, with their principal place of business at 1700 Valley Road, Wayne, New Jersey, 07470, and are doing business in this judicial district and are engaged in the business of selling digital television receivers, from which business JVC generates substantial revenue.

6. Defendant LG ELECTRONICS USA, INC. ("LG") is, on information and belief, incorporated in the State of Delaware, with its principal place of business at 1000 Sylvan Avenue, Englewood Cliffs, New Jersey, 07632, and is doing business in this judicial district and is engaged in the business of selling digital television receivers and digital set-top box satellite receivers, from which business LG generates substantial revenue.

7. Defendant MITSUBISHI ELECTRIC & ELECTRONICS USA, INC. ("MEUS") is, on information and belief, incorporated in the State of Delaware, with its principal place of business at 5665 Plaza Drive, Cypress, California, 90630. Defendant MITSUBISHI DIGITAL ELECTRONICS AMERICA, INC. ("MDEA") is, on information and belief, incorporated in the State of Delaware, with its principal place of business at 9351 Jeronimo Road, Irvine, California, 92618. MEUS and MDEA are hereinafter collectively referred to as MITSUBISHI. MITSUBISHI is doing business in this judicial district and is engaged in the business of selling digital television receivers, from which business MITSUBISHI generates substantial revenue.

8. Defendant PACE MICRO TECHNOLOGY, PLC ("PACE") is, on information and belief, incorporated under the laws of the United Kingdom, with its principal place of business at Victoria Road, Saltaire, Shipely, West Yorkshire, BD18 3LF, England and a North American presence at 3701 FAU Boulevard, Suite200, Boca Raton, Florida 33431, and is doing business in this judicial district and is engaged in the business selling digital set-top box receivers, from which business PACE generates substantial revenue.

9. Defendant PANASONIC CORPORATION OF NORTH AMERICA ("PANASONIC") is, on information and belief, incorporated under the laws of the State of Delaware, with its principal place of business at One Panasonic Way, Secaucus, New Jersey, 07094, and is doing business in this judicial district and is engaged in the business of selling digital television receivers, from which business PANASONIC generates substantial revenue.

10. Defendant PIONEER ELECTRONICS (USA), INC. ("PE") is, on information and belief, incorporated in the State of Delaware, with its principal place of business at 2265 East 220th Street, Long Beach, California, 90810. Defendant PIONEER NORTH AMERICA, INC. ("PNA") is, on information and belief, incorporated in the State of Delaware, with its principal place of business at 2265 East 220th Street, Long Beach, California, 90810. PE and PNA are hereinafter collectively referred to as PIONEER. PIONEER is doing business in this judicial district and is engaged in the business of selling digital television receivers, from which business PIONEER generates substantial revenue.

11. Defendant SHARP ELECTRONICS CORPORATION ("SHARP") is, on information and belief, incorporated in the State of New York, with its principal place of business at Sharp Plaza, Mahwah, New Jersey, 07430, and is doing business in this judicial district and is engaged

in the business of selling digital television receivers, from which business SHARP generates substantial revenue.

12. Defendant SONY CORPORATION OF AMERICA ("SCA") is, on information and belief, a company established under the laws of the State of New York, with its principal place of business at 550 Madison Avenue, New York, New York, 10022. Defendant SONY ELECTRONICS, INC. ("SEI") is, on information and belief, a company established under the laws of the State of Delaware, with its principal place of business at One Sony Drive, Park Ridge, New Jersey, 07656. SCA and SEI are hereinafter collectively referred to as SONY. SONY is doing business in this judicial district and is engaged in the business of selling digital television receivers and digital set-top box satellite receivers, from which business SONY generates substantial revenue.

13. Defendant THOMSON, INC. ("THOMSON") is, on information and belief, incorporated under the laws of the State of Delaware, with its principal place of business at 10330 North Meridian Street, Indianapolis, Indiana, 46290, and is doing business in this judicial district and is engaged in the business of selling digital television receivers and digital set-top box satellite receivers, from which business THOMSON generates substantial revenue.

14. Defendant TOSHIBA AMERICA, INC. ("TAI") is, on information and belief, a company established under the laws of the State of Delaware, with its principal place of business at 1251 Avenue of the Americas, Suite 4110, New York, New York 10020. Defendant TOSHIBA AMERICA CONSUMER PRODUCTS, L.L.C. ("TACP") is, on information and belief, a company established under the laws of the State of New Jersey, with its principal place of business at 82 Totowa Road, Wayne, New Jersey, 07470. TAI and TACP are hereinafter collectively referred to as TOSHIBA. TOSHIBA is doing business in this judicial district and is engaged in the business of

selling digital television receivers and digital set-top box satellite receivers, from which business TOSHIBA generates substantial revenue.

## II.

## Jurisdiction and Venue

15. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§1331 and 1338(a) because this action arises under the Patent Laws of the United States, 35 U.S.C. §§1, *et seq*.

16. Venue properly lies in the Eastern District of Texas pursuant to 28 U.S.C. §§ 1391(b) and (c) and §1400(b) because events giving rise to these claims occurred in this District and the Defendants "reside" in this District as they are subject to personal jurisdiction in this District. Venue is also appropriate because infringing products are sold in the Eastern District of Texas through established distribution channels.

## III.

## Claims

17. On December 10, 2002, United States Patent Number 6,493,878 (the '878 patent) was duly and legally issued for an invention entitled "Method and apparatus for TV broadcasting and reception." The '878 patent issued to Samuel A. Kassatly and was subsequently assigned, with the right to sue for all past and present violations or infringements, to ORBSAK. A true and correct copy of the '878 patent as issued is attached hereto as Exhibit A.

18. DIRECTV is engaged in the business of: 1) transmitting multiple television programs by satellite to millions of digital set-top box satellite receivers located throughout the United States of America, and 2) selling digital set-top box satellite receivers for receiving such transmissions, from which business DIRECTV generates substantial revenue. DIRECTV reports that

it generated more than $11.3 billion dollars in 2004 and more than $9.5 billion dollars in 2005 in revenue from the transmission of television programming and the sale of its digital set-top box satellite receivers, a substantial portion of this revenue, on information and belief, being related to sales which directly infringe the ‘878 patent.

19. DIRECTV has infringed and continues to infringe the ‘878 patent by its sale, importation, and/or offer for sale of digital set-top box satellite receivers that incorporate the invention disclosed and claimed in the ‘878 patent, including but not limited to, DIRECTV’s D10 digital set-top box satellite receiver.

20. ECHOSTAR is engaged in the business of: 1) transmitting multiple television programs by satellite to millions of digital set-top box satellite receivers located throughout the United States of America, and 2) selling digital set-top box satellite receivers for receiving such transmissions, from which business ECHOSTAR generates substantial revenue. ECHOSTAR reports that it generated more than $6.2 billion dollars in the first three quarters of 2005 in revenue from the transmission of television programming and the sale of its digital set-top box satellite receivers, a substantial portion of this revenue, on information and belief, being related to sales which directly infringe the ‘878 patent.

21. ECHOSTAR has infringed and continues to infringe the ‘878 patent by its sale, importation, and/or offer for sale of digital set-top box satellite receivers that incorporate the invention disclosed and claimed in the ‘878 patent, including but not limited to, ECHOSTAR’s DISH Player-DVR 942 branded digital set-top box satellite receiver.

22. HITACHI is engaged in the business of manufacturing, assembling and/or selling of digital television receivers capable of directly receiving; 1) terrestrial digital television broadcasts under the Advanced Television Systems Committee Standard (“ATSC Standard”), and/or

2) digital cable transmissions, from which business HITACHI generates substantial revenue. HITACHI reports that it generated more than $84 billion dollars in the fiscal year 2004 in revenue from the sale of its products, a substantial portion of this revenue, on information and belief, being related to sales which directly infringe the ‘878 patent.

23. HITACHI has infringed and continues to infringe the ‘878 patent by its manufacture, sale, importation, and/or offer for sale of digital television receivers that incorporate the invention disclosed and claimed in the ‘878 patent, including but not limited to, HITACHI’s model 26HDL52 digital television receiver.

24. JVC is engaged in the business of manufacturing, assembling and/or selling of digital set-top box satellite receivers and digital television receivers capable of directly receiving; 1) terrestrial digital television broadcasts under the ATSC Standard, and/or 2) digital cable transmissions, from which business JVC generates substantial revenue, a substantial portion of this revenue, on information and belief, being related to sales which directly infringe the ‘878 patent.

25. JVC has infringed and continues to infringe the ‘878 patent by its manufacture, sale, importation, and/or offer for sale of digital television receivers and digital set-top box satellite receivers that incorporate the invention disclosed and claimed in the ‘878 patent, including but not limited to, JVC’s model AV-30W776 digital television receiver and JVC’s model TU-DVR942RU digital set-top box satellite receiver.

26. LG is engaged in the business of manufacturing, assembling and/or selling of digital set-top box satellite receivers and digital television receivers capable of directly receiving; 1) terrestrial digital television broadcasts under the ATSC Standard, and/or 2) digital cable transmissions, from which business LG generates substantial revenue. LG reports that it generated

more than $21 billion dollars in 2004 in revenue, a substantial portion of this revenue, on information and belief, being related to sales which directly infringe the ‘878 patent.

27. LG has infringed and continues to infringe the ‘878 patent by its manufacture, sale, importation, and/or offer for sale of digital television receivers and digital set-top box satellite receivers that incorporate the invention disclosed and claimed in the ‘878 patent, including but not limited to, LG’s model 26LX1D digital television receiver and LG’s model LST3510A digital set-top box satellite receiver.

28. MITSUBISHI is engaged in the business of manufacturing, assembling and/or selling of digital television receivers capable of directly receiving; 1) terrestrial digital television broadcasts under the ATSC Standard, and/or 2) digital cable transmissions, from which business MITSUBISHI generates substantial revenue, a substantial portion of this revenue, on information and belief, being related to sales which directly infringe the ‘878 patent.

29. MITSUBISHI has infringed and continues to infringe the ‘878 patent by its manufacture, sale, importation, and/or offer for sale of digital television receivers that incorporate the invention disclosed and claimed in the ‘878 patent, including but not limited to, MITSUBISHI’s model WD52527 digital television receiver.

30. PACE is engaged in the business of manufacturing, assembling and/or selling of digital set-top box satellite and cable receivers, from which business PACE generates substantial revenue, a substantial portion of this revenue, on information and belief, being related to sales which directly infringe the ‘878 patent.

31. PACE has infringed and continues to infringe the ‘878 patent by its manufacture, sale, importation, and/or offer for sale of digital set-top box satellite and cable receivers

that incorporate the invention disclosed and claimed in the '878 patent, including but not limited to, PACE's model TDC775 Tahoe digital set-top box cable receiver.

32. PANASONIC is engaged in the business of manufacturing, assembling and/or selling of digital television receivers capable of directly receiving; 1) terrestrial digital television broadcasts under the ATSC Standard, and/or 2) digital cable transmissions, from which business PANASONIC generates substantial revenue, a substantial portion of this revenue, on information and belief, being related to sales which directly infringe the '878 patent.

33. PANASONIC has infringed and continues to infringe the '878 patent by its manufacture, sale, importation, and/or offer for sale of digital television receivers that incorporate the invention disclosed and claimed in the '878 patent, including but not limited to, PANASONIC's model TH-42PD50U digital television receiver.

34. PIONEER is engaged in the business of manufacturing, assembling and/or selling of digital television receivers capable of directly receiving; 1) terrestrial digital television broadcasts under the ATSC Standard, and/or 2) digital cable transmissions, from which business PIONEER generates substantial revenue, a substantial portion of this revenue, on information and belief, being related to sales which directly infringe the '878 patent.

35. PIONEER has infringed and continues to infringe the '878 patent by its manufacture, sale, importation, and/or offer for sale of digital television receivers that incorporate the invention disclosed and claimed in the '878 patent, including but not limited to, PIONEER's model PDP 4350HD digital television receiver.

36. SHARP is engaged in the business of manufacturing, assembling and/or selling of digital television receivers capable of directly receiving 1) terrestrial digital television broadcasts under the ATSC Standard, and/or 2) digital cable transmissions, from which business SHARP

generates substantial revenue, a substantial portion of this revenue, on information and belief, being related to sales which directly infringe the '878 patent.

37. SHARP has infringed and continues to infringe the '878 patent by its manufacture, sale, importation, and/or offer for sale of digital television receivers that incorporate the invention disclosed and claimed in the '878 patent, including but not limited to, SHARP's model LC-26GD4UM digital television receiver.

38. SONY is engaged in the business of manufacturing, assembling and/or selling of digital set-top box satellite receivers and digital television receivers capable of directly receiving; 1) terrestrial digital television broadcasts under the ATSC Standard, and/or 2) digital cable transmissions, from which business SONY generates substantial revenue. SONY reports that it generated more than $18 billion dollars in 2005 in revenue, a substantial portion of this revenue, on information and belief, being related to sales which directly infringe the '878 patent.

39. SONY has infringed and continues to infringe the '878 patent by its manufacture, sale, importation, and/or offer for sale of digital television receivers and digital set-top box satellite receivers that incorporate the invention disclosed and claimed in the '878 patent, including but not limited to, SONY's model KDL V26XBR1 digital television receiver and model SAT-HD 300 digital set-top box satellite receiver.

40. THOMSON is engaged in the business of manufacturing, assembling and/or selling of digital set-top box satellite receivers and digital television receivers capable of directly receiving; 1) terrestrial digital television broadcasts under the ATSC Standard, and/or 2) digital cable transmissions, from which business THOMSON generates substantial revenue, a substantial portion of this revenue, on information and belief, being related to sales which directly infringe the '878 patent.

41. THOMSON has infringed and continues to infringe the '878 patent by its manufacture, sale, importation, and/or offer for sale of digital television receivers and digital set-top box satellite receivers that incorporate the invention disclosed and claimed in the '878 patent, including but not limited to, THOMSON's RCA branded model HD52W59 digital television receiver.

42. TOSHIBA is engaged in the business of manufacturing, assembling and/or selling of digital set-top box satellite receivers and digital television receivers capable of directly receiving; 1) terrestrial digital television broadcasts under the ATSC Standard, and/or 2) digital cable transmissions, from which business TOSHIBA generates substantial revenue, a substantial portion of this revenue, on information and belief, being related to sales which directly infringe the '878 patent.

43. TOSHIBA has infringed and continues to infringe the '878 patent by its manufacture, sale, importation, and/or offer for sale of digital television receivers and digital set-top box satellite receivers that incorporate the invention disclosed and claimed in the '878 patent, including but not limited to, TOSHIBA's model 32HL95 digital television receiver and model DST-3100 digital set-top box satellite receiver.

44. All digital television receivers capable of directly receiving; 1) terrestrial digital television broadcasts under the ATSC Standard, and/or 2) digital cable transmissions, and/or digital set-top box satellite, and/or digital set-top box cable receivers sold by the Defendants are designed and equipped with structures that are covered by and claimed in the'878 patent, in violation of 35 U.S.C. §271, with resultant damage to ORBSAK. In particular, digital ATSC and digital cable enabled television receivers, and/or digital set-top box satellite receivers, and/or digital set-top box cable receivers, sold by Defendants, infringe Claims 1 through 6 of the '878 patent.

45. The Defendants have willfully and deliberately infringed the'878 patent in that Defendants had actual knowledge of the '878 patent and knowingly infringed same without lawful

justification, entitling ORBSAK to increased damages under 35 U.S.C. §284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. §285.

## IV.

## Jury Demand

46. ORBSAK demands a trial by jury.

## V.

## Relief

WHEREFORE, the Plaintiff, ORBSAK, L.L.C., requests entry of judgment in its favor and against DTVG, DTV, ECC, ESL, HITACHI, JVC, LG, MEUS, MDEA, PACE, PANASONIC, PE, PNA, SCA, SEI, SHARP, THOMSON, TAI, and TACP, as follows:

(a) for the entry of judgment holding that United States Letter Patent No. 6,493,878 to be good and valid in law, and to have been willfully and deliberately infringed by the Defendants;

(b) for an award of damages adequately to compensate ORBSAK for the past infringement of the '878 patent by the Defendants, together with interest and costs as fixed by the Court, such damages to be trebled because of the willful and deliberate character of the infringement;

(c) for a judgment that this case is "exceptional" in the sense of 35 U.S.C. §285 and that ORBSAK is entitled to an award of its reasonable attorneys' fees in the prosecution of its action;

(d) for an injunction preventing the Defendants from committing any further acts of infringement; and

(e) such other relief as the Court deems proper and just.

Dated: November 22, 2005

By: /s/ Otis W. Carroll by permission S. Calvin Capshaw

Otis W. Carroll – Lead Attorney
State Bar No. 03895700
IRELAND, CARROLL & KELLEY, P.C.
6101 South Broadway, Suite 500
Tyler, Texas 75703
(903) 561-1600 Telephone
(903) 581-1071 Facsimile
E-mail: fedserv@icklaw.com

Franklin Jones, Jr.
State Bar No. 00000055
JONES & JONES, INC.
201 West Houston Street, P.O. Drawer 1249
Marshall, Texas 75671-1249
(903) 938-4395 Telephone
(903) 938-3360 Facsimile
E-mail: maizieh@millerfirm.com

S. Calvin Capshaw, III
State Bar No. 03783900
BROWN McCARROLL L.L.P.
1127 Judson Road, Suite 220
Longview, Texas 75601
(893) 236-9800 Telephone
(893) 236-8787 Facsimile
E-mail: ccapshaw@mailbmc.com

Joseph M. Vanek
David P. Germaine
DAAR & VANEK, P.C.
225 West Washington, Suite 1850
Chicago, Illinois 60606
(312) 224-1500 Telephone
(312) 224-1510 Facsimile

Eugene M. Cummings
David M. Mundt
David Lesht
Martin Goering
COOK, ALEX, McFARRON, MANZO,
CUMMINGS & MEHLER, LTD.
One North Wacker, Suite 4130
Chicago, Illinois 60606
(312) 984-0144 Telephone
(312) 984-0146 Facsimile